HIDALGO, APPELLANT *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a decision of the Registrar of Property Refusing to Record a Deed of Construction.

No. 574.—Decided November 23, 1923.

RECORD OF TITLE—COMMON PROPERTY—CONSENT OF CO-OWNER.—The ownership title to a house built on a part of an undivided common propetry can not be recorded in the name of one co-owner without the express consent of the other co-owner.

The facts are stated in the opinion.
*Mr. F. Socorro* for the appellant.
The respondent did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.
There being recorded in the registry of property a pur-

chase made by Justino Hidalgo and Ramiro Mercado of equal undivided parts of a lot, the former presented for record a public deed wherein he stated that with money belonging to the conjugal partnership he had built a house on the said lot covering less than half of its area. The registrar refused to record the construction in the name of Hidalgo and his wife for the reasons stated in his decision endorsed on the document as follows:

"Record of the foregoing document is refused because it appears that the lot described therein is recorded in common *pro indiviso* and in equal parts in the names of Ramiro Mercado and Justino Hidalgo and as Ramiro Mercado is not a party to the said deed in order to give his consent to the construction to which it refers, sections 401 and 404 of the Civil Code are infringed, for until the community is divided no co-owner, without the consent of the others, can occupy permanently a specific part of the common property, and as each co-owner has an undetermined ownership right to the whole, each also has that right in any part of it, and a construction such as that described in the said document deprives the other co-owner of the use of the part occupied by the building, such occupation being a privilege in the common property in favor of the co-owner who built the house; and because of this incurable defect a cautionary notice is entered for the lawful period of one hundred and twenty days in favor of Justino Hidalgo at page 1 of volume 89 of the municipality of Caguas, property number 3459, notation letter A.—Caguas, September 3, 1923."

Not agreeing with that decision, Hidalgo took the present appeal and prays this court to order the record as requested.

We agree with the reasons stated by the registrar in the decision appealed from, for it is supported by the sections of the Civil Code cited. If, as the appellant alleges, there was tacit consent to the construction by the other co-owner, because he could have prevented it and did not do so, thereby waiving any claim against his co-owner, that would be a question for the courts to decide, and until they do so the registrar is without authority to make the record sought,

because he is not bound to presume that the co-owner consented to the construction.

The decision appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.